# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No.:

**TYLER J. HORNBACK**

    Plaintiff,

v.

**NCO FINANCIAL SYSTEMS, INC. a Pennsylvania Corporation**

    **Defendant**

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

1

7. The Defendant is a registered corporation with the Colorado Secretary of State, having a registered agent at 7674 Reed Street, Arvada, Colorado 80003.

## PARTIES

8. Plaintiff Tyler J. Hornback is a natural person who resides in the City of Greeley, County of Weld, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant NCO FINANCIAL SYSTEMS, INC., (hereinafter "Defendant") is a Pennsylvania corporation operating from an address of 507 Prudential Road, Horsham, PA 19044 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. NCO FINANCIAL SYSTEMS, INC. is licensed with the State of Colorado as a debt collector, license number 991610.

## FACTUAL ALLEGATIONS

11. The Defendant is attempting to collect an alleged debt that was incurred by the Plaintiff.

12. The debt is one that stems from personal, household or family purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. The Defendant contacts the Plaintiff several times a day, several times per week, leaving recorded messages on his personal cellular telephone.

14. The Plaintiff refuses to speak with the Defendant.

15. Despite the Plaintiff not engaging in any communication with the Defendant, the Defendant persists in its ongoing telephone contact with the Plaintiff.

16. On June 11, 2012, the Defendant contacted the cellular telephone of the Plaintiff's mother and left a message on her voice mailbox.

17. The message indicated that it was intended for the Plaintiff and then identified the caller as "NCO, a debt collector" along with instructions for the Plaintiff to contact the debt collector at their telephone number 1-866-873-3979.

18. The Plaintiff has never given consent for the Defendant, or any other debt collector, to share information with a third person, including his mother.

19. The Plaintiff's mother has never provided her telephone to the Defendant, or any other debt collector on behalf of her son.

20. The FDCPA prohibits a debt collector from communicating a consumer's debt with anyone except the consumer, the consumer's spouse or the consumer's attorney, see 15 U.S.C. §1692c(b).

21. The Plaintiff's mother is not a spouse or attorney for the Plaintiff.

22. The actions of the Defendant have caused the Plaintiff embarrassment.

23. The FDCPA prohibits a debt collector from using unconscionable means in an effort to collect a debt, see 15 U.S.C. §1692f.

24. It is unconscionable for a debt collector to contact a family member of a consumer and expose the consumer's personal financial affairs.

25. The Defendant began contacting the Plaintiff by telephone in May, 2012.

26. The Defendant did not provide any written correspondence to the Plaintiff within five days of initial communication as required by the FDCPA, see 15 U.S.C. §1692g

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7.  Fed.R.Civ.P. 38.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

4

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com
**Attorney for Plaintiff**

s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com
**Attorney for Plaintiff**

s/Andrea Fulton
**Andrea Fulton, Esq.**
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: andrea@gkalaw.com
**Attorney for Plaintiff**